The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| DANIEL WALL and CARI WALL, husband and wife,<br><br>               Plaintiffs,<br><br>    vs.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>               Defendant. | Case No.: 2:17-cv-00446-MJP<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

This Stipulation is entered into by and between Plaintiffs Daniel Wall and Cari Wall and Defendant Country Mutual Insurance Company. The named parties possess certain confidential and/or proprietary information which may be disclosed to the other parties in this action, specifically, Country Mutual's Best Practices, the underwriting file, the agent file, and personal or business financial information. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it

affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

Confidential material means any document, data, information, video, writing, paper, tangible thing, transcript of oral testimony, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, which the party designates as "Confidential". By way of example, and not limitation, confidential information may include or be included in documents, papers, drawings, diagrams, plans, specifications, manuals, transcripts, answers to Interrogatories and other responses to discovery requests, and any instruments which compromise, embody, or summarize matter which the party considers confidential and desires not be made public. At the time this Stipulation is entered into the parties have identified the following confidential information: Country Mutual's Best Practices, the underwriting file, the agent file, and personal or business financial information. The parties reserve the right to identify and designate additional confidential materials identified during the course of discovery.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1     Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

        (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

        (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate

standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial

proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

        (c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential

designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent

facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

11. <u>AGREEMENT TO BE BOUND</u>

The parties and their counsel, by executing this Order, undertake and abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control. Any person, whether a party, witness, expert, attorney or other, who fails to abide by any provision in this Stipulation and Order and/or any provision in the accompanying Affidavit may be subject to an injunction, with the party who designated the material as confidential having the right to seek additional remedies, including damages, costs and expenses, and attorney fees in the amount necessary to compensate the party for the actual harm and potential harm caused, an amount to be determined by the Court for the failure to abide by a Court Order, attorney's fees and costs and any other sanctions that the Court deems proper.

/ / /

/ / /

/ / /

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

| IMPACT LAW GROUP | THENELL LAW GROUP, P.C. |
|---|---|
| By: */s/ Jonah O. Harrison* <br> Jonah O. Harrison, WSBA #34576 <br> Email: jonah@impactlawgroup.com | By: */s/ Daniel E. Thenell* <br> Daniel E. Thenell, WSBA # 37297 <br> Email: Dan@thenelllawgroup.com |
| By: */s/ Robert Crowley* <br> Robert Crowley, WSBA #37953 <br> Email: rob@impactlawgroup.com <br> 1325 Fourth Ave., Suite 1400 <br> Seattle, WA 98101 <br> *Attorneys for Plaintiffs* | By: */s/ Chelsea P. Pyasetskyy* <br> Chelsea P. Pyasetskyy, WSBA # 48997 <br> Email: Chelsea@thenelllawgroup.com <br> 12909 SW 68th Parkway, Suite 320 <br> Portland, OR 97223 <br> *Attorneys for Defendant* |

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: October 26, 2017

*(signature)*

Marsha J. Pechman
United States District Judge

EXHIBIT A

I, _____, have been advised by counsel of record for _____ in *Wall v. Country Mutual Insurance Company*, U.S. District Court for the Western District of Washington, Case No. 2:17-cv-00446-MJP, of the Stipulated Protective Order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation.

1. I have read the Stipulation and Order of Protection and Confidentiality with regard to this matter and I agree to abide by all of the terms and conditions set forth therein. Specifically, I agree to keep confidential all information produced by any party which have been marked or deemed confidential in accord with the Stipulation. I will not use any of the information in any other matters, litigated or otherwise, in which I have been, am or will become involved. I will not make any of the information public in any way. The information I obtain will be used solely in the preparation and trial of this matter. I agree that I will not make copies or computer reproductions or other recordings of any of the information provided by any party herein which has been marked or deemed confidential. I agree to return the information to the party I am retained by immediately after my testimony in the trial and/or involvement in this matter. Should the matter be otherwise dismissed or settled, I agree to return said information immediately upon notification of the dismissal or settlement and will provide or destroy all notes or summaries of the information contained within said confidential materials.

2. I understand that I can be held in contempt of court if I fail to abide by all terms of the Stipulation and Order of Protection and Confidentiality. I further understand that monetary sanctions, in an amount to be determined by the Court, may be imposed against me if I fail to abide by said terms.

_____
Signed

_____
Printed Name

_____
Date

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 26, 2017, I served the foregoing STIPULATED PROTECTIVE ORDER on:

>Jonah O. Harrison
>Robert Crowley
>Impact Law Group
>1325 Fourth Ave., Suite 1400
>Seattle, WA 98101
>    *Of Attorneys for Plaintiffs*

✓ by electronic means through the Court's Case Management/Electronic Case Filing system on the date set forth above.

___ by mailing a full, true and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon on the date set forth above.

___ by emailing a full, true and correct copy thereof to the attorney at the email address(es) shown above, which is the last-known email address(es) for the attorney's office, on the date set forth above.

___ by faxing a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth above.

THENELL LAW GROUP, P.C.

By: *s/ Daniel E. Thenell*
Daniel E. Thenell, WSBA No. 37297
Email: dan@thenelllawgroup.com

By: *s/ Chelsea P. Pyasetskyy*
Chelsea P. Pyasetskyy, WSBA No. 48997
Email: chelsea@thenelllawgroup.com
12909 SW 68th Pkwy, Suite 320
Portland, OR 97223
Phone: (503) 372-6450
Fax: (503) 372-6496

CERTIFICATE OF SERVICE - Page 1 (W. Wa Case No. 2:17-cv-00446-TSZ)    83I505

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway., Suite 320
Portland, Oregon  97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496